UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                               Case No. 05-CR-234

**KEVIN L. KOETZ,**

        **Defendant.**

---

### ORDER ON THE DEFENDANT'S EVIDENTIARY HEARING REQUESTS

---

On September 20, 2005, the grand jury returned a single-count indictment against Kevin L. Koetz ("Koetz"), charging him with bank robbery. Koetz has filed two pretrial motions: a motion to suppress statements made to law enforcement officials subsequent to his arrest and a motion to suppress his line up identification. To address issues raised in these motions, Koetz requests an evidentiary hearing. The government agrees that an evidentiary hearing is necessary in regard to the motion to suppress statements, but disputes that an evidentiary hearing is required on Koetz's motion to suppress identification.

The court agrees. Eyewitness identification can violate a defendant's constitutional right to due process when it creates a "'substantial likelihood of irreparable misidentification.'" Neil v. Biggers, 409 U.S. 188, 198, (1972)(quoting Simmons v. United States, 390 U.S. 377, 384 (1968)); see also Cossel v. Miller, 229 F.3d 649, 655 (7th Cir.2000). The danger to be avoided in identification is that of orchestrating a procedure so that one particular suspect stands out from the

1

others, and the procedure implicitly suggests to the witness that "this is the man." See Foster v. California, 394 U.S. 440, 442 43 (1969).

In determining the constitutionality of an identification procedure, courts undertake a two-step analysis. McGowan v. Miller, 109 F.3d 1168, 1173 (7th Cir.1997). The defendant must first demonstrate that the identification procedures were unduly suggestive. United States v. Traeger, 289 F.3d 461, 473 74 (7th Cir.2002); United States v. Harris, 281 F.3d 667, 670 (2002). If the defendant satisfies that burden, the court must then determine, under the "totality of the circumstances," whether the identification was sufficiently reliable to prevent misidentification. Traeger, 289 F.3d at 473-74; Harris, 281 F.3d at 670.

In the present case, Koetz has not met the initial burden of showing that the identification was suggestive, such that an evidentiary hearing is warranted, and the court need not address whether the identification was reliable. Koetz argues that the line up was unduly suggestive because he was the only balding person placed in the line up, both witnesses recognized Koetz by his large nose and balding hair, and Koetz was the only person in the line up wearing a particular colored wristband. These arguments do not warrant an evidentiary hearing. The government filed a color photo of the line up in response to Koetz's evidentiary hearing request. Although Koetz is balding, several other persons in the line up have similar receding hairlines. Moreover, all persons in the line up are the same race as Koetz, the same approximate height as Koetz, and appear from the picture to have a hair color similar to Koetz's. The fact that two witnesses identified Koetz based on the same features does not mean that the line up was necessarily suggestive, especially since those features do not set Koetz apart from the others in the line up.

Furthermore, while Koetz contends that the line up was suggestive because he wore a different color wristband than the other persons presented to the witnesses, Koetz does not say

2

what color his wristband was. Although Koetz's brief references exhibits described as pictures of the line up, no exhibits were filed with Koetz's motion. This is problematic because most of the persons in the picture that the government filed do not have their arms in plain view. None are shown wearing a wristband except for person number four, who is not Koetz and who appears to be wearing a white wristband. A line up might be suggestive if the defendant is wearing a bright colored wristband that stands out from the others—for example, if all persons in the lineup wore a white wristband and Koetz wore a red one. But then, that would have to be a demonstrated factor in the selection of Koetz. Based on the two witness explanations cited in Koetz's brief, there is no indication that Koetz was selected because he wore a distinct wristband. Moreover, even if Koetz established that to be the case, he has not demonstrated a material factual dispute that warrants an evidentiary hearing. The possible different colors of the wristbands speak for themselves, and Koetz has argued the suggestive nature of this. Accordingly, Koetz's request for an evidentiary hearing on the motion to suppress his identification will be denied. The evidentiary hearing will be limited to the 5th Amendment issues raised in conjunction with Koetz's post arrest statement.

**IT IS THEREFORE ORDERED** that Koetz's evidentiary hearing request is **granted in part** and **denied in part**, as set forth herein. The evidentiary hearing on Koetz's motion to suppress statements will commence on **November 9, 2005, at 2:00 P.M.**

Dated at Milwaukee, Wisconsin, this <u>19th</u> day of October, 2005.

_____
s/AARON E. GOODSTEIN
United States Magistrate Judge